```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND
                                          :
ELISE O'GRADY
                                          :
v.                                        :     Civil Action No. DKC 2008-1491
                                          :
CHARLES S. RAND, et al.
                                          :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this attorney malpractice action is a motion to dismiss (Paper 28) filed by Defendants Charles Rand, Joe Watson, Angela Rand, and Alan Wright. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion to dismiss the complaint will be granted.

**I.  Background**

This case arises from disputes Plaintiff Elise O'Grady has with two sets of former attorneys who represented her in a slip and fall case against Maryland Casualty Company. Plaintiff was initially represented by the law firm of Matt Paavola. After discharging Mr. Paavola, Plaintiff retained McKernon & Rand, P.A., a law firm that employs each of the Defendants. Plaintiff settled the slip and fall litigation, and eventually filed suit against Mr. Paavola for malpractice in the Circuit Court for

Baltimore City.[1]  Plaintiff alleges, *inter alia*, that while represented by McKernon & Rand, Defendants missed deadlines, failed to follow her instructions, failed to designate expert witnesses, did not inform her of a conflict of interest, and settled the claim against Mr. Paavola without her permission. Plaintiff further alleges that Defendants failed to obtain adequate compensation in the slip and fall action. Plaintiff, proceeding *pro se*, filed a complaint against Mr. Rand, Mr. Watson, Ms. Rand, and Mr. Wright on June 9, 2008, alleging three counts: (1) professional malpractice against all Defendants; (2) breach of contract against Mr. Rand and Mr. Wright; and (3) intentional infliction of emotional distress against all Defendants.

Defendants filed a motion to dismiss on July 22, 2008 (Paper 7). Defendants' motion sought dismissal of the entire complaint, though the motion only addressed count one. The court granted Defendants' motion to dismiss on February 20, 2009. (Paper 22). The court found that Plaintiff's attorney malpractice tort claim was precluded by *res judicata*.

Plaintiff filed an amended complaint on April 14, 2009, alleging two counts: (1) breach of contract against Mr. Rand and

---

[1] The case was later transferred to the Circuit Court for Baltimore County. (Paper 1 ¶¶ 12-15).

Mr. Wright; and (2) intentional infliction of emotional distress against all Defendants. (Paper 27). Defendants filed a motion to dismiss on May 4, 2009.[2] (Paper 28). Defendants contend that Plaintiff's complaint should be dismissed for two reasons: (1) Plaintiff's breach of contract claim is barred under the doctrine of *res judicata*; and (2) Plaintiff fails to state a claim for intentional infliction of emotional distress.

**II. Motion to Dismiss**

    **A.   Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still

---

[2] Defendants attempted to serve Plaintiff on May 4, 2009, though Defendants' service was returned for insufficient postage. Defendants have not notified the court as to when Plaintiff was actually served. Given Plaintiff's *pro se* status and that it is unclear when Plaintiff was served, the court considers Plaintiff's opposition as timely filed. Furthermore, the court considers Plaintiff's motion to quash to be Plaintiff's opposition to Defendants' motion to dismiss.

3

requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), *rehearing denied*, 510 U.S. 1215 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197 (1994)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] .

. . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**B.   Analysis**

**1.   Count One: Breach of Contract**

The doctrine of *res judicata* encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)(citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The doctrine of *res judicata* contemplates, at a minimum, that courts not be required to adjudicate nor defendants to address successive actions arising out of the same transaction and asserting breach of the same duty. *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983).  For a prior judgment to bar an action on the basis of *res judicata*, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).

"When entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006)(citing *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

Consideration of the defense of *res judicata* on a motion to dismiss is appropriate under the circumstances presented here:

> [Although] an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C. 1992), *aff'd*, 989 F.2d 491 (4th Cir.1993) (unpublished).

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000), *cert. denied,* 534 U.S. 840 (2001).

Defendants argue that the doctrine of *res judicata* precludes Plaintiff from litigating the breach of contract claim because it relates to the same cause of action as the slip and

6

fall litigation that the Circuit Court for Baltimore County dismissed with prejudice.[3]  (Paper 28, at 2).

Plaintiff alleges that Defendants Rand and Wright breached their contractual agreement to pursue Plaintiff's claims against Mr. Paavola.  (Paper 7 ¶¶ 48-50).  Plaintiff further alleges that Defendants Rand and Wright spent thousands of dollars of Plaintiff's money and nearly all of their time defending a lawsuit filed by Mr. Paavola against Defendants instead of spending their time on Plaintiff's malpractice action. Plaintiff insists that Defendants' breach of contract prevented Plaintiff from obtaining a full and fair judgment against Mr. Paavola.

Here, the elements of *res judicata* are satisfied for count one of Plaintiff's complaint.  First, the dismissal with prejudice of the Circuit Court action was a final judgment on the merits rendered by a court of competent jurisdiction in accordance with due process.  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).  Second, both Plaintiff and Defendants were parties in the Circuit Court action.  Third, Plaintiff's breach of contract claim against Defendants is based upon the same cause of action as the Circuit Court action,

---

[3] Defendants provided the court with the decision of the Circuit Court for Baltimore County. (Paper 16, at Attachment 1).

namely that her attorneys committed malpractice by failing to recover adequate compensation for her August 30, 2000 slip and fall. Therefore, the elements of *res judicata* have been satisfied and Plaintiff's breach of contract claim will be dismissed.

### 2. Count Two: Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff's claim is subject to dismissal because: (1) Plaintiff's emotional distress claim is a pendent claim to count one that should be dismissed when count one is dismissed; and (2)Plaintiff's emotional distress claim cannot survive under Maryland law because Plaintiff has generated her distress through her initiation of various legal actions. (Paper 28, at 3-4).[4]

Plaintiff alleges that she has suffered emotional distress and depression because of the delays in pursuing her case and the potential loss of all possible damages from her slip and

---

[4] Defendants incorrectly argue that Plaintiff's emotional distress claim should be dismissed as a pendent claim. (*Id.* at 3). Federal courts may exercise supplemental (previously pendent) jurisdiction to adjudicate state law claims that are presented in a complaint with another claim arising under federal law. 28 U.S.C. § 1367(a). In diversity jurisdiction cases, federal courts do not need to exercise supplemental jurisdiction to hear state law claims. 28 U.S.C. § 1332(a). This case is in federal court on the basis of diversity jurisdiction, not because a federal question is presented. (Paper 27 ¶ 4). Thus, Plaintiff's emotional distress claim is not under consideration as a supplemental claim.

fall claim and the malpractice case against Mr. Paavola. (Paper 27 ¶ 51).

To establish a cause of action for intentional infliction of emotional distress, Plaintiff must show that (1) Defendants' conduct was intentional or reckless, (2) the conduct was extreme and outrageous, (3) there is a causal connection between the conduct and Plaintiff's emotional distress, and (4) the emotional distress was severe. *Baltimore-Clark v. Kinko's Inc.*, 270 F.Supp.2d 695, 701 (2003)(citing *Harris v. Jones*, 281 Md. 560, 566 (1977)).

Plaintiff's allegation is inadequate to support a claim for intentional infliction of emotional distress.  First, Plaintiff does not allege that Defendants acted intentionally or recklessly.  Second, Plaintiff fails to allege any extreme and outrageous conduct.  For conduct to qualify as extreme and outrageous, it must be so "outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Harris*, 281 Md. at 567.  Third, Plaintiff does not allege a causal connection between Defendants' conduct and her emotional distress.  Finally, while Plaintiff alleges that she suffered distress and depression, she does not allege that her distress was severe.  Accordingly,

Plaintiff's claim for intentional infliction of emotional distress will be dismissed.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.  A separate Order will follow.

```
                              /s/
            DEBORAH K. CHASANOW
            United States District Judge
```